**JING LIAN ZHENG, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–73377.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 12, 2004.

Decided Aug. 31, 2004.

Dominic E. Capeci, Esq., Law Offices of Chung N. Phang, Oakland, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA,Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Blair T. O'Connor, Esq., Leslie Cayer Ohta, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HAWKINS, THOMAS, and BEA, Circuit Judges.

## MEMORANDUM *

Jin Lian Zheng (Zheng), a native and citizen of the People's Republic of China (China), petitions for review of the order of the Board of Immigration Appeals (BIA) affirming the Immigration Judge's (IJ) denial of Zheng's application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We grant the petition in part, and remand the case for consideration of Zheng's claim of a well-founded fear of future persecution based on the Chinese government forbidding her from having even one child.

We review the BIA's determination that petitioner has failed to establish her eligibility for asylum under the substantial evidence standard and can reverse only if the evidence compels that result. *INS v. Elias–Zacarias,* 502 U.S. 478, 481 & n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Legal issues are reviewed *de novo.* However, deference is given to the BIA's interpretation of immigration law. *Melkonian v. Ashcroft,* 320 F.3d 1061, 1065 (9th Cir. 2003).

As the parties are familiar with the facts, we do not recite them in detail except as necessary. Zheng seeks asylum based on both past persecution in the form of economic hardship that she and her family suffered, as well as a well-founded fear of future persecution, in the form of the Chinese government forbidding her from having any children. Zheng claims the past persecution and fear of future persecution both result from her parents' violation of China's one child policy.

■ The application for asylum was denied in part because the IJ and BIA concluded that the economic hardship which Zheng endured did not rise to the level of persecution and was not directed at Zheng herself but rather at her parents. The record does not compel a finding that Zheng's suffering rose to the necessary level to establish persecution. Therefore, we affirm the BIA's ruling on this issue.

■ With respect to Zheng's fear of future persecution based on the Chinese government forbidding her from having even one child because her parents violated the one child policy, the IJ concluded

that, even assuming there is such a policy, the issue was not thus ripe for adjudication because Zheng was neither married nor forced to undergo an abortion. We disagree. If Chinese law or practice would forbid Zheng from having a child because of her parents' actions, then she has a well-founded fear of future persecution in the form of either a forced abortion or sterilization. The issue of Zheng's fear of future persecution is ripe for adjudication. *See Li v. Ashcroft,* 356 F.3d 1153, 1156 (9th Cir.2004) (holding that petitioner was eligible for asylum where, *inter alia,* she was threatened with future abortion).

Therefore, we remand this case to the BIA for a determination on the merits as to whether Chinese law and practice would prohibit Zheng, should she return to China, from having even one child because of her parents' violation of the one child policy. *See INS v. Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (holding that the administrative agency should be given the first opportunity to rule on a claim).

**PETITION FOR REVIEW GRANTED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS RULING.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.